PARKER *et al. v.* DICKINSON.

(*Circuit Court, E. D. New York.* April 9, 1889.)

1. PATENTS FOR INVENTIONS—PATENTABILITY—INVENTION—SYRINGES.

Letters patent No. 319,937, June 9, 1885, to Russell Parker and others, are void so far as they profess to protect the combination of a reservoir with normally flat walls in a syringe, such reservoir, in connection with an atomizer, having been described in the prior Kennish patent.

2. SAME.

A syringe having a normally flat tube between the pump-bulb and discharge orifice, in place of a non-collapsible tube connected with a collapsible bulb, is more compact, and less expensive, produces a more direct flow, is not so liable to become foul, may be more readily cleaned, admits of a more exact administration of small doses, and avoids all risk of the admixture of air with the injectant. Syringes thus made are rapidly supplanting the older forms. Flattened tubing was previously known. *Held,* that the second claim of the patent, which covers the flattened tubing in such combination, is valid.

In Equity.

Bill by Russell Parker and others against Charles B. Dickinson.

*Edwin H. Brown,* for complainants.

*H. A. West,* for defendant.

LACOMBE, J. This is a suit to restrain infringement of letters patent No. 319,937, granted to complainants June 9, 1885, for improvement in syringes. This opinion should be read in connection with that in *Dickinson* v. *Parker, ante,* 411, handed down to-day. As therein indicated, the combination, in an apparatus such as this, of a reservoir with normally flat walls was not within the field of invention after Kennish had taken out his patent. It was suggested therein, and by his failure to claim it it was abandoned to the public. All that there is of the patent sued upon, therefore, is the substitution of a collapsible (normally flattened) tube between the pump-bulb and the discharge orifice, in place of a non-collapsible tube, with which is connected a collapsible bag or bulb. This is a narrow combination; and, in view of the fact that flattened tubing was known before, (though not, it is true, in this combination,) I should be inclined to hold that complainants had merely devised a non-patentable change of form, were it not for the evidence of the witnesses in the trade. Besides being made more compact and inexpensive by the change, complainants' syringe seems to possess practical advantages, when in use, not possessed by those in which the collapsible reservoir is distinct from the outlet tube. A more direct flow is produced; it is not so liable to become foul; may be more readily cleaned; admits of a more exact administration of small doses; and avoids all risks of the admixture of air with the injectant. This evidence, in connection with the proof that the new syringes are rapidly supplanting the older forms, is very persuasive; and the second claim of the complainants' patent must be sustained. The exhibits showing defendant's so-called "Vienna Syringes" are plainly infringements of such second claim. Usual decree for complainants.